UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL LEE WHITE,

    Petitioner,

v.                                                  Case No. 6:15-cv-1560-Orl-37DCI

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

This matter is before the Court on Petitioner's Motion for Reconsideration/Rehearing. (Doc. 25.) Petitioner seeks reconsideration of this Court's earlier order denying his petition for a writ of habeas corpus. (Doc. 23.) As set forth more fully below, the motion is denied.

A motion for reconsideration "must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (*quoting Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). As such, a motion for reconsideration "should raise new issues, not merely readdress issues previously litigated." *Id.* For this reason, courts have recognized three grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct

clear error or manifest injustice." *Id.*

Petitioner's motion rehashes his failed prescription drug defense. Petitioner contended at trial – and argues throughout the motion – that the oxycodone pills recovered from his vehicle in connection with a sting operation were actually his pills; that he possessed a valid prescription for them; and that he therefore did not commit any crime. The State's case-in-chief, however, included substantial evidence from which the jury could find to the contrary. The State's evidence included the testimony of the confidential informant and the police officers who orchestrated the sting, operated the audio and video equipment that memorialized certain of the events and/or visually surveilled the events. The State's evidence established that Petitioner agreed to provide the informant with the money to purchase the drugs in exchange for the informant's agreement to sell some of the drugs to him; that the two met at a local pharmacy, entered together, exited together, and sat in Petitioner's car for a few minutes; that Petitioner drove away; and that police then stopped the car, searched the car, and retrieved the drugs. Petitioner's motion does not provide any basis to believe the outcome at trial was incorrect; that the outcome was infected by constitutional error; or that the denial of his petition for a writ of habeas corpus reflected clear error or manifest injustice.

Accordingly, it is hereby **ORDERED** that Petitioner's Motion for Reconsideration/Rehearing (Doc. 25) is **DENIED**.

**DONE and ORDERED** in Orlando, Florida on August 8th 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-5 8/8
Daniel Lee White